UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NELSON MBONY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-12025-FDS |
| | ) | |
| JASON W. CARTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

March 13, 2026

Boal, M.J.

On February 24 and 25, 2026, the parties filed status reports regarding outstanding discovery issues.  Docket Nos. 22, 23.  This Court held a status conference on February 25, 2026.  Docket No. 24.  At that time, defendants Jason W. Carter and the Law Office of Jason Carter agreed to supplement some of their responses to the Plaintiffs' discovery requests.  See id. This Court ordered the Defendants to produce insurance information to Plaintiffs and to file their original and supplemental responses to Plaintiffs' interrogatories and requests for production of documents for this Court's review.  Id.

On March 6, 2026, Defendants filed their discovery responses.  Docket Nos. 27-31. After review of the parties' status reports and Defendants' discovery responses, this Court rules as follows:[1]

*Interrogatory No. 6*.  Interrogatory No. 6 asks Defendants to identify all communications

---

[1] On February 2, 2026, Judge Saylor referred this case to the undersigned for ruling on discovery issues.  Docket No. 20.

1

they had (or attempted to have) with Attorney Leppo or his office from April 2022 through March 2023 regarding discovery.  Docket No. 27 at 3.  Defendants originally objected to the interrogatory on the grounds that the interrogatory sought irrelevant information and information "not reasonably calculated to lead to the discovery of admissible evidence."[2]  Id.  Defendants' supplemental response states "[s]ee the emails produced in responses to Requests for Production of Documents" but does not point to what documents are responsive to this interrogatory.  Docket No. 30 at 4.

It appears that Defendants are referring to the documents filed at Docket No. 31-3 (documents responding to Request for Production ("RFP") No. 3, which requests all communications with Attorney Carl Leppo).  See Docket No. 31 at 1.  Within two weeks, Defendants must clarify what documents they are referencing in response to Interrogatory No. 6 and confirm that they have produced all responsive documents that they have located after a reasonable search.

*Interrogatory Nos. 13 & 14*.  Interrogatory No. 13 asks Defendants to state whether they were covered by legal malpractice insurance while Interrogatory No. 14 requests them to identify the insurer, policy number, coverage type, and limits.  Docket No. 27 at 4.  Contrary to Defendants' initial objections, see id., this information is not only relevant but must be disclosed pursuant to Rule 26(a)(1)(A)(iv).  In their supplemental answers to interrogatories, Defendants

---

[2] The current standard for discoverability became effective December 1, 2015.  That standard is as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  The amendments to Rule 26 of the Federal Rules of Civil Procedure are now over 10 years old.  Nevertheless, counsel cited to the old "not reasonably calculated to lead to the discovery of admissible evidence" standard in response to this discovery request and others.  Counsel is advised to update his "form" files.  See Fischer v. Forrest, No. 14 Civ. 1304, 2017 WL 773694, at *1-3 (S.D.N.Y. Feb. 28, 2017).

state that a declaration sheet for the policy is provided in their responses to Plaintiffs' requests for production of documents.  Docket No. 30 at 5.  This Court notes, however, that Defendants have only produced declaration sheets for policies covering the period from June 7, 2020 to June 7, 2021 and from April 12, 2024 to April 12, 2025.  See Docket No. 31-5.  It does not appear that these are the relevant policies.  The events at issue in this case occurred in 2021-2023 and this case was filed on July 18, 2025.

Defendants state that they "are currently tracking down the additional policies."  Docket No. 31 at 2.  It is not clear why this critical information has not been yet found or provided.  It is also not clear whether Defendants have complied with their obligations under Rule 26(a)(1)(A)(iv) or this Court's order to provide insurance information to Plaintiffs by March 2, 2026.  If they have not already done so, Defendants must provide insurance information within one week.  They must also file a status report indicating compliance within one week.

*Interrogatory No. 15*.  Interrogatory No. 15 asks Defendants to identify all disciplinary complaints against them for the last 10 years.  Docket No. 27 at 4.  Defendants object to this interrogatory on the grounds that such information is irrelevant and that 10 years is too long a time period.  See Docket No. 30 at 6.  This Court finds that such information is relevant and discoverable.  Defendants must answer this interrogatory within two weeks.

*Interrogatory No. 16*.  This interrogatory asks Defendants to state any actions they contend Plaintiffs should have taken to mitigate harm resulting from their conduct.  Docket No. 30 at 6.  While Defendants' original answer was non-responsive, they have now answered the interrogatory.

*Interrogatory Nos. 17-19*.  Interrogatory Nos. 17 through 19 seek Defendants' financial information.  "Generally, district courts do not allow prejudgment discovery regarding a

defendant's ability to satisfy a judgment, aside from the initial disclosures required by Rule 26(a)(1)(A)(iv)." Katz v. Liberty Power Corp., LLC, No. 18-cv-10506-ADB, 2020 WL 3492469, at *5 (D. Mass. June 26, 2020) (citation omitted).[3]  Accordingly, this Court denies this request.

*Physical Address*.  In response to RFP Nos. 1, 2, 4, 7, and 8, Defendants had originally answered that "[f]or the complete file, please provide a physical address where it can be sent." See Docket No. 29 at 1-2.  It appears that this issue has now been resolved.

*Boilerplate Objections (RFP Nos. 3, 5, 6, 9-12)*.  Defendants had asserted boilerplate objections to a number of RFPs.  In their supplemental answers, Defendants have withdrawn their objections to RFP Nos. 3, 5, 6, and 9.  They continue to maintain objections to RFP Nos. 10-12.  This Court finds that such requests seek information that is beyond the scope of discovery under Rule 26.  Accordingly, this request is denied.

*Failure To State Whether Documents Are Being Withheld*.  Plaintiffs argue that Defendants had failed to state whether responsive materials were being withheld on the basis of an objection.  See Docket No. 22 at 3.  As mentioned above, Defendants appear to have withdrawn most of their objections.  With respect to those RFPs to which Defendants continue to object, this Court has found that they seek documents that are not discoverable.  Accordingly, this issue has now been resolved.

---

[3] An exception to this rule is when a plaintiff seeks punitive damages.  Katz, 2020 WL 3492469, at *5 (citations omitted).  While Plaintiffs included a request for punitive damages in their complaint, such damages are not allowed in Massachusetts unless expressly authorized by statute.  Flesner v. Tech. Comm'ns Corp., 410 Mass. 805, 813 (1991).  There is no indication that punitive damages would be recoverable in this case.

**So Ordered**.

   /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE